```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

GARY CARR,

    Petitioner,

vs.                               Case No. 07-2349-JDB/dkv

JAMES FORTNER,

    Respondent.

ORDER TO FILE A PROPERLY COMPLETED IN FORMA PAUPERIS AFFIDAVIT
OR PAY THE $5 HABEAS FILING FEE
AND
ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED

On May 16, 2007, Petitioner Gary Carr, Tennessee Department of Corrections prisoner number 210691, an inmate now incarcerated at the West Tennessee State Prison in Henning, Tennessee, filed this petition under 28 U.S.C. § 2254.  The Clerk shall record the Respondent as James Fortner.

There is a five dollar ($5.00) fee for filing a habeas petition.  28 U.S.C. § 1914(a).  Although Petitioner filed a motion to proceed in forma pauperis and copy of his trust fund account statement, the prison trust fund account statement did not show the account balance when the petition was submitted.

Petitioner therefore is ORDERED, within thirty (30) days of the date of entry of this order, to either submit a properly completed in forma pauperis affidavit, along with an inmate trust

fund account statement, or pay the five dollar ($5.00) habeas filing fee.[1] The Clerk is ORDERED to send the petitioner a copy of the prisoner in forma pauperis affidavit along with this order. Failure to timely comply with this order will result in the dismissal of this petition, without prejudice, for failure to prosecute.

On March 13, 1998, Carr pled guilty to attempted especially aggravated robbery, attempted first degree murder, and first degree murder in Shelby County Criminal Court. The trial court sentenced Carr as a Range I offender to twelve years, twenty-five years, and life without parole, respectively, with all sentences running concurrently. On May 5, 1998, Carr filed a pro se petition for post-conviction relief alleging that (1) his guilty plea was unlawfully induced, (2) his conviction was based on a violation of his privilege against self-incrimination, (3) his conviction violated the rule against double jeopardy, and (4) he received ineffective assistance of counsel. Counsel was appointed and an amended petition filed which challenged the validity of Carr's guilty plea because of deficient advice given by Carr's trial counsel and which alleged that Carr's guilty plea was involuntary because Carr was on medication at the time he entered the plea. The trial court denied relief after an evidentiary hearing. Carr

---

[1] In the interest of expediting this matter, Petitioner is advised that, if his inmate trust fund account contains a balance of at least twenty-five dollars ($25.00), an application to proceed in forma pauperis will be denied and he must remit the $5 filing fee.

appealed alleging that the trial court erred in its determination that trial counsel was effective when Carr entered his guilty plea. The Tennessee Court of Criminal Appeals affirmed the judgment of the trial court. See Carr v. State, 2000 WL 763962 (Tenn. Crim. App. June 8, 2000), perm. app. denied (Tenn. Feb. 20, 2001).

This habeas petition was filed on May 16, 2007. It appears that Petitioner's right to attack his conviction under § 2254 is now directly barred by the amendments to the federal habeas statutes in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), which created in § 2244(d) a statute of limitations for filing habeas petitions under § 2254. The Court should consider this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997). Section 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). In applying this statute of limitations, a prisoner has filed his petition within the limitations period if he has given it to prison authorities for mailing and has satisfied the verification requirements of Fed. R. App. P. 25(a)(2)(C). In re Sims, 111 F.3d 45, 47 (6th Cir. 1997)(citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

Carr's application for permission to appeal to the Tennessee Supreme Court was denied on February 20, 2001.[2] The AEDPA statute of limitations began running on February 20, 2001, and expired on February 20, 2002.

Under a straightforward application of § 2244(d) and Austin v. Mitchell, 200 F.3d 391, 393-95 (6th Cir. 1999), this petition is

---

[2] See Lawrence v. Florida, 127 S.Ct. 1079, 1083 (Feb. 20, 2007) (holding that state review ends when the state courts have finally resolved an application for state postconviction relief).

untimely. See also Bennett v. Artuz, 199 F.3d 116 (2d Cir. Oct. 25, 1999)(following Second Circuit caselaw holding that § 2244 limitations period for pre-AEDPA convictions begins running at enactment); Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998)(holding that § 2244 limitations period for state convictions final before AEDPA enactment begins running at enactment).

The Sixth Circuit has ruled that the doctrine of equitable tolling may be invoked to toll the one-year limitation period applicable to § 2255 motions and habeas petitions. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001)(approving test for equitable tolling set forth in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988)). The five parts of the test are:

(1) the petitioner's lack of notice of the filing requirement;
(2) the petitioner's lack of constructive knowledge of the filing requirement;
(3) diligence in pursuing one's rights;
(4) absence of prejudice to the respondent; and
(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Andrews, 851 F.2d at 150.

Carr fails to allege any circumstances which prevented him from inquiring about additional remedies before the expiration of the AEDPA statute. Ignorance of the time requirements for filing does not toll the limitations period. See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999)(in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would

encourage and reward indifference to the law).

Therefore, Carr is directed to file an amended petition which details any circumstances justifying the application of equitable tolling or any other basis demonstrating that this petition should not be dismissed as time barred. Carr shall file the amended petition within thirty (30) days of the entry of this order.

Failure to timely comply with any requirement of this order will result in dismissal of the petition without further notice for failure to prosecute.

IT IS SO ORDERED this 16th day of October, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE